UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK J. FERTITTA, III, et al.,
                      Plaintiffs,

-v-

KNOEDLER GALLERY, LLC, et al.,
                      Defendants.

14-CV-2259 (JPO)

OPINION & ORDER

J. PAUL OETKEN, District Judge:

This opinion addresses Plaintiffs' application for attorney's fees and costs incurred in connection with their claims against Jose Carlos Bergantiños Diaz, Jesus Angel Bergantiños Diaz, and Glafira Rosales (collectively, "the Defaulting Defendants"). (Dkt. No. 178.) In the Report and Recommendation of June 8, 2018, Magistrate Judge Pitman concluded that Plaintiffs are entitled to costs and reasonable attorney's fees from the Defaulting Defendants under 18 U.S.C. § 1964(c), and recommended that such reasonable attorney's fees, costs, and disbursements be awarded. (Dkt. No. 169 at 20–21.) The Court adopted the Report and Recommendation in full, and directed Plaintiffs to submit documentation supporting their fees request. (Dkt. No. 175.) In response, Plaintiffs filed a motion for attorney's fees, costs, and disbursements, with a supporting memorandum and declaration. (Dkt. Nos. 178–180.) The Defaulting Defendants have not filed any opposition. For the following reasons, the motion is granted in part and denied in part. Fees, costs, and disbursements are awarded as set forth below.

**I.    Discussion**

The statutory provision creating a civil cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") provides that a successful plaintiff "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

1

18 U.S.C. § 1964(c).  Plaintiffs seek $164,244.44 in attorney's fees, $400.00 in costs, and $3,965.99 in disbursements in connection with their successful default judgment against the Defaulting Defendants for racketeering in violation of 18 U.S.C. § 1962(c) and related fraud offenses.  (Dkt. No. 179.)

### A. Attorney's Fees

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)).  The fee award should be based on the court's determination of a "presumptively reasonable fee," calculated as "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  This presumptively reasonable fee may be adjusted only in the "rare circumstances" where it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id*. at 167 (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010)).

#### 1. Hourly Rate

A reasonable hourly rate is determined by the "prevailing market rate," that is, the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "The relevant community, in turn, is the district in which the court sits." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (citation omitted).

Plaintiffs' request for attorney's fees involves a range of hourly rates for various attorneys from three large law firms in New York City that worked on the case:  Patterson, Belknap, Webb & Tyler LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; and Norton Rose

Fulbright US LLP. (Dkt. No.179 at 7–8.) To support these claimed rates, Plaintiffs have provided evidence of the background and experience of the lead partner handling the case (Dkt. No. 180-10), as well as data from a National Law Journal report on hourly rates for associates and partners at comparable law firms in New York City (Dkt. No. 180-6).

The rates charged by Plaintiffs' attorneys in this case are consistent with prevailing rates charged by similar New York City firms identified by Plaintiffs. (*See* Dkt. No. 180-6.) Furthermore, they are consistent with reasonable rates approved in other cases in this district involving complex civil litigation. *See MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, No. 16 Civ. 8103, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017); *Regeneron Pharm., Inc. v. Merus N.V.*, No. 14 Civ. 1650, 2018 WL 3425013, at *4–5 (S.D.N.Y. June 25, 2018). Therefore, the Court concludes that these rates fall within the "range of reasonableness" for fees in this district for similar services by comparable lawyers. *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 121, 2015 WL 409525, at *4, *9 (S.D.N.Y. Jan. 16, 2015), *adopted in full*, No. 10 Civ. 121, 2015 WL 1647435 (S.D.N.Y. Apr. 14, 2015).

### 2. Number of Hours Worked

"After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee." *Id.* at *3. Plaintiffs seek compensation for 234 total hours of attorney work. (Dkt. No. 179 at 6.) To support this claim, they have submitted a redacted spreadsheet listing the number of hours billed and the tasks performed by each attorney on this matter. (Dkt. No. 180-1.)

In determining the reasonable number of hours to use in calculating the presumptively reasonable fee, however, "the number of hours spent on a case should include only those hours spent on claims eligible for fee-shifting." *Millea*, 658 F.3d at 168. The substantial majority of the hours listed by Plaintiffs were clearly in service of obtaining a default judgment against the

Defaulting Defendants on the RICO claims and intertwined fraud claims. But a portion of hours listed pertains to Plaintiffs' involvement in the *criminal case* against Defendant Rosales. (Dkt. No. 180-1 at 8–9.) And these activities were undertaken after the Court had entered a default and the damages filings had been submitted to Magistrate Judge Pitman. (Dkt. Nos. 146, 152–155.) The Court concludes that the hours devoted to the victim impact statement, restitution, and other actions in relation to the separate criminal case were not "spent on claims eligible for fee-shifting" under 18 U.S.C. § 1964(c). *Millea*, 658 F.3d at 168.

With that time subtracted, Plaintiffs' counsel spent 216.31 hours pursuing their civil RICO claims against defendants. This amount is consistent with the number of hours worked in other civil RICO cases involving a default judgment. *See Ross v. Jenkins*, No. 17 Civ. 2547, 2018 WL 2335853, at *25–27 (D. Kan. May 23, 2018) (402.3 hours); *Fed. Ins. Co. v. Campbell*, No. 3:13 Civ. 429, 2014 WL 1922847, at *6 (N.D. Fla. May 14, 2014) (243.4 hours); *Thomas v. Burg*, No. 10 Civ. 01108, 2012 WL 2065533, at *3 (D. Colo. June 8, 2012) (393.1 hours). The Court concludes that this number of hours was reasonably justified given the complexity of the case.

### 3. Presumptively Reasonable Fee

The reasonable hourly rates multiplied by the adjusted number of hours results in a presumptively reasonable attorney's fees amount of $149,181.13. Seeing no basis for adjustment in this case, *see Millea*, 658 F.3d at 167, the Court awards Plaintiffs attorneys' fees in the amount of $149,181.13.

### B. Costs and Disbursements

Plaintiffs seek an additional $400.00 in costs from filing and index fees, and $3,965.99 in disbursements from serving process upon the Bergantiños brothers in Spain. (Dkt. Nos. 180-7,

180-8.) The Court concludes that these additional costs and disbursements—which are minimal in relation to the overall fee award—are reasonable.

## II. Conclusion

For the foregoing reasons, Plaintiffs' petition for fees is GRANTED IN PART and DENIED IN PART. Plaintiffs are hereby awarded attorney's fees in the amount of $149,181.13, costs in the amount of $400.00, and disbursements in the amount of $3,965.99 from the Defaulting Defendants, jointly and severally.

The Clerk of Court is directed to close the motion at Docket Number 178.

SO ORDERED.

Dated: October 15, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge